Filed 7/23/21  P. v. Mitchell CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GREGORY JEROME MITCHELL,<br><br>    Defendant and Appellant. | B309107<br><br>(Los Angeles County<br>Super. Ct. No. BA477472) |

APPEAL from an order of the Superior Court of Los Angeles County, Mildred Escobedo, Judge.  Affirmed.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

———————————————

Gregory Jerome Mitchell appeals from an order denying his petition to set aside his plea for assault with a firearm and to be resentenced under Penal Code section 1016.8.  That statute generally invalidates as part of a plea agreement any agreement by the defendant to waive the benefit of future changes in the law to which the defendant would otherwise be entitled.[1]  His appointed counsel filed a brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496, raising no issues.  Mitchell filed a supplemental brief arguing that by the terms of the plea agreement, his trial counsel improperly waived his "future benefits, the right to trial, and the right to cross examine witnesses."  Because section 1016.8 does not apply to cases final on appeal, we affirm.

## *FACTUAL AND PROCEDURAL BACKGROUND*

On September 20, 2019, Mitchell pleaded guilty to assault with a firearm, admitted he previously had been convicted of assault with a deadly weapon, which qualified as a serious felony and a strike, and admitted he personally used a firearm in the current case.  Pursuant to the plea agreement, the court sentenced Mitchell to 23 years.

Prior to the plea, the trial court gave the standard advisement of rights and informed Mitchell of the consequences

---

[1]      Penal Code section 1016.8, subdivision (b) states "A provision of a plea bargain that requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea is void as against public policy."

All further undesignated statutory references are to the Penal Code.

2

of the plea.  Nothing in the record suggests the trial court or counsel stated that defendant agreed to waive any benefits to him occasioned by future changes in the law.  Defendant was given a straight sentence without probation, and none of the court's ancillary orders (e.g. prohibition against possession of firearms) dealt with waiver of benefits of future changes in the law. Mitchell did not appeal from the judgment of conviction.

On October 6, 2020, Mitchell filed a petition for resentencing pursuant to Assembly Bill No. 1618.[2]  In his petition, Mitchell stated:

> "I request to take my plea back under a separate new law[:]  AB 1618 signed by the Governor in October 2019 provides that the benefits of these new laws should be available in non-final cases even if the person entered a plea bargain that included agreement to a set sentence or a waive[r] [of] [']future benefits of legislative enactments, initiatives, appellate decision[s], or other changes in the law that may retroactively apply after the date of the plea is void as against public policy.'  (Pen. Code, § 1016.8 [subd.] (b).)  However, the California Supreme Court is reviewing the question of whether people who entered [a] plea agreement can seek resentencing under the new laws without first obtaining a certificate of probable cause.  (*People v. Stamps* (2019) No. S255245; *People v. Kelly* No. [S]255145.)"

On October 8, 2020, the court denied Mitchell's motion, stating:

---

[2]     This act added section 1016.8 to Penal Code.

"The defendant was arraigned 6-27-2019. On that date defendant was advised he was facing a maximum confinement indeterminate term of 25 years to life. Nothing regarding a waiver of future rights was ever mentioned []or discussed."

On November 17, 2020, Mitchell filed a timely notice of appeal from the denial of his section 1016.8 motion. We appointed appellate counsel. After reviewing the record, counsel filed an opening brief pursuant to *People v. Serrano, supra,* 211 Cal.App.4th 496, stating that he found no arguable issues to raise on appeal and had informed Mitchell of his right to file a supplemental brief on his own behalf. On March 22, 2021, we advised Mitchell that he had 30 days to submit any contentions or issues he wished us to consider. Mitchell filed supplemental briefs on March 29, 2021 and April 1, 2021.[3]

## *DISCUSSION*

When a defendant appeals the denial of post-conviction relief and appellate counsel identifies no cognizable issues, the Court of Appeal has "no independent duty to review the record for reasonably arguable issues." (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039.) "However, if the defendant files a supplemental brief, the Court of Appeal is required to evaluate any arguments presented in that brief and to issue a written opinion that disposes of the trial court's order on the merits . . . ." (*Id*. at p. 1040.) Here, Mitchell filed two supplemental briefs arguing he was entitled to resentencing under Assembly Bill 1618. Mitchell's briefs did not contain a reasoned explanation of his points, nor significant analysis of the law.

---

[3] We authorized the filing of the second brief.

4

Assembly Bill 1618 enacted section 1016.8 and codified the Supreme Court's decision in *Doe v. Harris* (2013) 57 Cal.4th 64. There, the Supreme Court held the fact the parties have entered into a plea agreement does not insulate them from future changes in the law intended to have retroactive effect. (*See People v. Stamps* (2020) 9 Cal.5th 685, 704–705.) The court stated that section 1016.8 "clarified that any 'provision of a plea bargain that requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea is void as against public policy' (§ 1016.8, subd. (b))." (*Id.* at p. 705.) A plea bargain requiring such a waiver is deemed not to be either knowing or intelligent. (§ 1016.8, subd. (a)(4).)

We agree with the trial court's express finding that nothing in the record reflects that Mitchell's plea included a provision that section 1016.8 invalidates.

We have reviewed the record and are satisfied that Mitchell's appointed appellate counsel has fully complied with his responsibilities and no arguable issues exist. (*See People v. Cole* (2020) 52 Cal.App.5th 1023, 1039–1040, review granted Oct. 14, 2020, S264278; *People v. Serrano, supra,* 211 Cal.App.4th at p. 503.)

### DISPOSITION

The October 8, 2020, order denying Mitchell's petition for resentencing is affirmed.

RUBIN, P. J.

WE CONCUR:

BAKER, J.                    KIM, J.

5